Wright, J.,
delivered the opinion of the Court.
The bill, in this case, cannot be maintained, and the Chancellor acted very properly in sustaining the demurrer.
*170 We think it very probable, from the facts shown in the bill, that in the purchase of the land by the complainant of defendant they were partieeps criminis in a scheme of fraud to • defeat the collection of the judgment afterwards had in the suit then pending against the defendant for slander.' If so, the complainant can have no relief in a Court of Equity.
But if this he not so, the bill makes no case of fraud by the- defendant upon the complainant, nor is any rescission of the contract sought. On the contrary, complainant, or his vendee, is in possession of the land, and seeks to maintain it. The settled rule is, that if there he no fraud, the purchaser of real estate, on failure of title, must rely, alone, on his covenants of warranty. And if there be none, he has no remedy, either in law or equity, for his money. Maney v. Porter, 3 Hum., 347.
The hill here alleges a covenant of warranty, hut avers want of eviction. If this be so, there is no breach of the covenant, and how can complainant have relief in a Court of Equity any more than a Court of law? Neither the one Court nor the other can give any remedy until there is a breach of the warranty.
But if there be a breach of the covenant at all, the remedy, of complainant in a Court of Law is plain and adequate, and equity has no jurisdiction.
If complainant’s purchase were free of any taint of fraud, and he could, outside of the covenant of warranty, maintain the position, (as was done in Winchester v. Beardin, 10 Hum., 247,) that in paying the judgment in slander, he had discharged a debt of the defendant— an incumbrance upon the land — and had put himself in an attitude to have a recovery against the defendant for *171 money paid to his use, still his remedy, in a Court of Law, is ample.
But we think, upon an • examination of the authorities, it will he found that the payment by the complainant of the judgment in slander was an eviction pro tanto. 2 Green. Ev., § 244. Such is our recollection of the authorities, Rawle on Covenants for title, pp. 227-240.
But we do not now mean to decide this question.
It is palpable, that in whatever light this case may he viewed, a Court of Equity is not the proper forum.
The decree of the Chancellor, dismissing the bill, is affirmed.